**GORLICK, KRAVITZ & LISTHAUS, P.C.**
Richard Hermer-Fried
29 Broadway, 20th Floor
New York, New York 10006
rfried@gkllaw.com
Tel. (212) 269-2500
Fax (212) 269-2540
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| BUFFALO LABORERS WELFARE FUND; BUFFALO LABORERS PENSION FUND; BUFFALO LABORERS TRAINING FUND; BUFFALO LABORERS SECURITY FUND; TRACY BAUGHER, in her fiduciary capacity as ADMINISTRATOR; LABORERS EMPLOYERS COOPERATION AND EDUCATION TRUST; and LABORERS' LOCAL 210, INTERNATIONAL UNION OF NORTH AMERICA, | Case No.: |
| Plaintiffs, | COMPLAINT |
| v. | |
| HIGHWAY REHABILITATION CORP. | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Plaintiffs BUFFALO LABORERS WELFARE FUND; BUFFALO LABORERS PENSION FUND; BUFFALO LABORERS TRAINING FUND; BUFFALO LABORERS SECURITY FUND (collectively, "Funds"); TRACY BAUGHER, in her fiduciary capacity as ADMINISTRATOR ("Baugher"); LABORERS EMPLOYERS COOPERATION AND EDUCATION TRUST ("LECET"); and LABORERS' LOCAL 210, INTERNATIONAL UNION OF NORTH AMERICA (the "Union") (the Funds, Baugher, LECET and the Union collectively "Plaintiffs"), by and through their attorneys, Gorlick, Kravitz & Listhaus, P.C., as and for their

Complaint against Defendant HIGHWAY REHABILITATION CORP. ("Highway"), respectfully allege as follows:

## NATURE OF THE ACTION AND JURISDICTION

1. This is a civil action brought pursuant to, inter alia, §§ 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), as amended (29 U.S.C. §§1132(a)(3) and 1145), and § 301 of the Labor Management Relations Act of 1947 (29 U.S.C. §185) (the "Taft-Hartley Act"), by the Plaintiffs for breach of contract, injunctive relief, and for other legal and equitable relief under ERISA and the Taft-Hartley Act.

2. This Complaint alleges, *inter alia*, that by failing, refusing, or neglecting to comply with specific statutory and contractual obligations, Highway violated one or more contracts between an employer and a labor organization, as defined under the Taft-Hartley Act, the Funds' respective trust agreements, and ERISA.

3. Jurisdiction of this Court is invoked under the following statutes:

   a. ERISA § 502(e)(1) and (f) (29 U.S.C. § 1132(e)(1) and (f));

   b. Taft-Hartley Act § 301 (29 U.S.C. § 185);

   c. 28 U.S.C. § 1331 (federal question);

   d. 28 U.S.C. § 1337 (civil actions arising under Act of Congress regulating commerce); and

   e. 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue properly lies in this district under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) and the Taft-Hartley Act § 301(a) (29 U.S.C. § 185(a)) because the Funds are administered and maintain their principal office in this district, the contractual breaches occurred in this district, and Highway may be found in this district. Service of process may be made on

Highway in any other district in which they may be found pursuant to ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)).

## PARTIES

5.      The Funds and LECET are jointly administered, multi-employer, labor management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with the Taft-Hartley Act §§ 302(c)(5) and (c)(6) (29 U.S.C. § 186(c)(5) and (c)(6)). The Funds are also employee benefit plans within the meaning of ERISA §§ 3(1), 3(2), 3(3) and 502(d)(1) (29 U.S.C. §§ 1002(1)-(3), and 1132(d)(1)), and multi-employer plans within the meaning of ERISA §§ 3(37) and 515 (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suits as independent legal entities under ERISA § 502(d)(1) (29 U.S.C. 1132(d)(1)).

6.      The Funds provide fringe benefits to eligible employees on whose behalf employers in the construction industry contribute to the Funds pursuant to collective bargaining agreements between such employers and the Union. The Funds are third-party beneficiaries to such collective bargaining agreements as collectors and trustees of employer contributions made pursuant to these collective bargaining agreements. The Funds maintain their offices and are administered at 25 Tyrol Drive, Suite 200, Cheektowaga, New York 14227.

7.      Plaintiff Baugher is the Funds' Administrator and is a fiduciary of the Funds within the meaning of ERISA §§ 3(21) and 502 (29 U.S.C. §§ 1002(21) and 1132). Baugher brings this action in her fiduciary capacity.

8.      The Union is a labor organization within the meaning of § 301 of the Taft-Hartley Act (29 U.S.C. § 185) and represents employees in an industry affecting commerce as defined by § 501 of the Taft-Hartley Act (29 U.S.C. § 142) and ERISA § 3(4) (29 U.S.C. § 1002(4)). The

Union is administered at its principal office located at 25 Tyrol Drive, Cheektowaga, New York 14227.

9. The Union collects, in accordance with the collective bargaining agreements, dues and contributions to the New York State Laborers' Political Action Committee ("NYSLPAC"), which are deducted from employee wages and remitted to the Union.

10. Defendant Highway is a for-profit domestic corporation doing business in the State of New York as an employer within the meaning of ERISA §§ 3(5) and 515 (29 U.S.C. §§ 1002(5) and 1145), and is an employer in an industry affecting commerce within the meeting of the Taft-Hartley Act § 301 (29 U.S.C. § 185). Upon information and belief, Highway's principal office is located at 2258 Route 22, Brewster, New York 10509.

## BACKGROUND FACTS

11. On or about February 25, 2021, Defendant Highway entered a collective bargaining agreement Highway-Heavy, Utility and Tunnel Agreement with the Union ("Agreement").

12. Article XXVIII of the Agreement contains an evergreen clause, which provides that it remains in effect through March 31, 2022, and renews from year to year thereafter unless either party gives written notice of change to the other party on or before the 31st Day of January, 2022, or any year thereafter.

13. To date, neither party has given written notice to the other of its intent to change the Agreement, and the Agreement remains in effect.

14. The Agreement requires Highway to: (i) submit to the Funds reports detailing the number of hours that Highway employees performed work within the trade and geographic jurisdiction of the Union ("Covered Work"); (ii) submit monthly remittance reports ("Remittance

Reports") to the Funds reporting the number of hours of Covered Work performed by Drain Doctor employees who worked a given period, their names, their social security numbers, and job location; (iii) make fringe benefit contributions to the Funds based on the number of hours of Covered Work Highway employees perform; (iv) deduct and remit dues checkoffs and NYSLPAC contributions from the wages of employees who performed Covered Work to the Union; (v) permit the Funds and/or their designated representatives to audit Highway's books and records; and (v) apply interest and other fees and costs on delinquent fringe benefit contributions and checkoffs.

15. Highway failed to comply with their obligations under the Agreement to submit remittance reports for the period of October 1, 2024 through February 28, 2025.

16. Highway failed to comply with their obligations under the Agreement to make fringe benefit contributions to the Funds, and deduct and/or remit dues and checkoffs to the Union for the Covered Work performed by its employees for the period of October 1, 2024 through February 28, 2025.

17. By letter dated March 13, 2025, the Funds demanded Highway submit the complete remittance reports and make full and immediate payment of all fringe benefit contributions, dues and NYSLPAC checkoffs for the period of October 1, 2024 through February 28, 2025.

18. To date, Highway failed to submit the remittance reports for the period of October 1, 2024 through February 28, 2025.

19. To date, Highway failed to make fringe benefit contributions to the Funds, or deduct or remit dues and checkoffs to the Union for the Covered Work performed by its employees for the period of October 1, 2024 through February 28, 2025.

20. To date, Highway failed to submit any remittance reports or make any fringe benefit contributions to the Funds, or deduct or remit dues and checkoffs to the Union for the Covered

Work performed by its employees for any period subsequent to February 28, 2025 (the period of October 1, 2024 through the present hereinafter the "Delinquency Period").

21. Upon information and belief, Highway continues to perform Covered Work.

22. Prior to the Delinquency Period, Highway was delinquent in making its fringe benefit contributions and deducting and/or remitting due, checkoffs and NYSLPAC contributions to the Funds from April 1, 2024 through September 30, 2024.

23. As a result of Highway's delinquent payments for April 1, 2024 through September 30, 2024, Highway is liable to the Funds for Thirty Thousand Three Hundred Eighty-Four Dollars and seventy-two cents ($30,384.72) in late interest penalties pursuant to the Agreement, which remains due and payable to the Funds.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### (BREACH OF CONTRACT FOR FAILURE TO PAY FRINGE BENEFIT CONTRIBUTINS)

24. Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

25. Article XVI § 11(b) and (e) of the Agreement requires Highway to submit on a monthly basis a reporting form Remittance Report that was provided by the Funds' office, wherein Highway must provide the names of the employees who worked in a given period, their social security numbers, job location and the number of hours worked in that period.

26. Highway failed to submit any Remittance Report during the Delinquency Period.

27. Highway's failure to submit remittance reports during the Delinquency Period is a breach of the Agreement.

28. Pursuant to the Agreement, Highway must make fringe benefit contributions to the Funds for each hour of Covered Work performed by Highway employees as set forth in Article XVI of the Agreement.

29. Highway failed to make contractually mandated fringe benefit contributions for Covered Work performed by their individual employees during the Delinquency Period.

30. Highway's failure to pay required contributions to the Funds during the Delinquency Period is a breach of the Agreement.

31. Highway failed to pay the accrued interest for Covered Work performed by their individual employees from April 1, 2024 through September 30, 2024.

32. Highway's failure to pay late interest of $30,384.72 on late paid contributions from April 1, 2024 through September 30, 2024 is a breach of the Agreement.

33. Article XVI § 9(a) requires Highway to pay interest on the unpaid amounts at the "rate of ten percent (10%) per annum or the rate prescribed under Section 6621 of Title 26 of the United States Code, whichever is greater," when Highway is found delinquent in their payment of contributions to the Funds

34. Article XVI § 9(b) requires Highway to pay liquidated damages in the amount equal to the interest on the delinquent contributions when Highway is delinquent in their payment of contributions to the Funds.

35. Article XVI § 9(a) requires Highway to pay all costs, including but not limited to reasonable attorney's fees when Highway is delinquent in their payment of contributions to the Funds.

36. Article XVI § 9(b) of the Agreement provides that in the event where collection of payment is made pursuant to a judgment against Highway, the Funds are entitled to interest, liquidated damages, reasonable costs and attorney's fees.

37. Accordingly. Highway is liable to the Funds for interest in the amount of $30,384.72 on late paid contributions for the period April 1, 2024 through September 30, 2024, and for failing to make required fringe benefit contributions for Covered Work performed by their employees during the Delinquency Period, plus interest, liquidated damages and all costs, including but not limited to attorney's fees, and all other contractual and statutory damages.

**AS AND FOR A SECOND CLAIM FOR RELIEF**
**(BREACH OF ERISA FOR FAILURE TO PAY**
**FRINGE BENEFIT CONTRIBUTIONS)**

38. Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs of this Complaint, as if fully set forth herein.

39. ERISA § 515 (29 U.S.C. § 1145) requires employers to make contributions in accordance with the terms and conditions of collective bargaining agreements.

40. Highway is an employer under ERISA and is bound by the Agreement.

41. During the Delinquency Period, Highway failed to make fringe benefit contributions to the Funds as required under the Agreement.

42. Highway failed to pay the accrued interest for Covered Work performed by their individual employees from April 1, 2024 through September 30, 2024.

43. Highway's failure to make such payments violates ERISA § 515 (29 U.S.C. § 1145).

44. Once it is found that an employer has violated ERISA § 515 (29 U.S.C. § 1145), the Court is required by ERISA § 502(g)(2) (29 U.S.C. § 1132(g)(2)) to award the Funds: (i) the

unpaid fringe benefit contributions; (ii) interest on the unpaid contributions; (iii) an amount equal to the greater of interest on the unpaid contributions, or liquidated damages provided for under the Funds' plan; (iv) reasonable attorneys' fees and costs incurred in prosecuting the action; and (v) such other legal and equitable relief as the Court deems appropriate. Interest on unpaid contributions shall be determined by using the rate provided under the Funds' plan, or, if none, the rate prescribed under Section 6621 of Title 26 of the United States Code.

45. Article XVI § 9 of the Agreement requires employers found delinquent in their payment of contributions to the Funds to pay interest on the unpaid amounts at the rate of ten percent (10%) per annum or the rate prescribed under Section 6621 of Title 26 of the United States Code, whichever is greater.

46. Article XVI § 9 requires employers delinquent in their payment of contributions to the Funds to pay liquidated damages in the amount equal to the interest on the delinquent contributions.

47. Article XVI § 9 of the Agreement provides that in the event that formal proceedings to recover unpaid contributions are instituted and the Court renders judgment for the Funds, the employer must pay to the Funds: (i) the unpaid contributions; (ii) interest on the unpaid contributions; (iii) liquidated damages; (iv) the Funds' attorney's fees; and (v) such other legal or equitable relief as the Court deems appropriate.

48. Accordingly, Highway is liable to the Funds for failing to make required fringe benefit contributions of Covered Work performed by its employees during the Delinquency Period, failing to pay the accrued interest for Covered Work performed by their individual employees from April 1, 2024 through September 30, 2024, plus statutory damages, including interest, liquidated

damages, plaintiffs' attorney's fees and costs, and such other legal and equitable relief as the Court deems appropriate pursuant to § 502(g)(2) of ERISA (29 U.S.C. § 1132) and the Agreement.

## AS AND FOR A THIRD CLAIM FOR RELIEF
### (CLAIM FOR BREACH OF CONTRACT FOR FAILURE TO REMIT DUES CHECKOFFS AND NYSLPAC CONTRIBUTIONS)

49. Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs of this Complaint, as if fully set forth herein.

50. Article XIX of the Agreement requires Highway to deduct and remit to the Union or to a Union designated agency, dues, checkoffs and NYSLPAC contributions is a breach of the Agreement.

51. Highway's failure to deduct and/or remit the dues, checkoffs and NYSLPAC contributions is a breach of the Agreement.

52. The Funds are entitled to prejudgment interest on delinquent dues checkoffs and PAC contributions at the New York State statutory rate of 9% per annum pursuant to New York Civil Practice Law and Rules ("CPLR") §§ 5001 and 5004.

53. Accordingly, Highway is liable to the Union for undeducted and/or unremitted dues, checkoffs, and NYSLPAC contributions during the Delinquency Period, plus interest from the dates that remittances of the dues, checkoffs and NYSLPAC contributions were due until the dates that the dues checkoffs and NYSLPAC contributions are paid, and any and all other contractual and statutory damages.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
### (CLAIM FOR INJUNCTIVE RELIEF)

54. Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs of this Complaint, as if fully set forth herein.

55. Pursuant to the Agreement, Highway is required to timely pay fringe benefit contributions and remit dues, checkoffs and NYSLPAC contributions deducted from the wages paid to its employees to the Funds, timely submit all required reports to the Funds, and permit and cooperate in the conduct of audits for so long as Highway remains obligated to do so pursuant to the Agreement.

56. Highway has failed to timely pay all required fringe benefit contributions, dues, checkoffs and NYSLPAC contributions to the Funds, and timely submit all require remittance reports to the Funds and the Union, and is currently in breach of its obligations under the Agreement.

57. Upon information and belief, Highway continues to perform Covered Work under the Agreement.

58. Highway's prior and current conduct in failing to timely submit remittance reports and make the required payments under the Agreement demonstrates a significant likelihood that Highway will continue to breach the terms of the Agreement.

59. In the absence of injunctive relief, the Funds have no adequate remedy at law to ensure that Highway will adhere to the terms of the Agreement now and in the future.

60. The Funds will suffer immediate and irreparable injury unless the Court issues an injunction that requires Highway, now and for as long as Highway remains bound by the Agreement, and their agents, representatives, directors, officers, stockholders, successors and assigns, to pay and/or submit to the Funds the required remittance reports and monetary contributions, dues, checkoffs and NYSLPAC contributions.

61. Accordingly, Plaintiffs request that the Court issue an injunction permanently enjoining Highway, its agents, representatives, directors, officers, stockholders, successors and

assigns and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise, from failing, refusing or neglecting to pay and/or submit to the Funds the required remittance reports, contributions, dues, checkoffs and NYSLPAC contributions, and permit and cooperate in the conduct of audits for so long as Highway remains obligated to do so pursuant to the Agreement.

**AS AND FOR AN FIFTH CLAIM FOR RELIEF**
**(CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO ERISA)**

62. Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs of this Complaint, as if fully set forth herein.

63. Pursuant to the Agreement, Highway is required to timely pay fringe benefit contributions to the Funds, timely submit all required reports to the Funds, and permit and cooperate in the conduct of audits of Highway's books and records for so long as it remains obligated to do so pursuant to the Agreement.

64. Highway has failed to timely submit remittance reports to the Funds, and is currently in breach of its obligations under the Agreement.

65. Highway has failed to timely pay fringe benefit contributions to the Funds, and is currently in breach of its obligations under the Agreement.

66. Highway's breach of its obligation to submit remittance reports under the CBAs is also a breach of Highway's statutory obligations under ERISA § 515 (29 U.S.C. § 1145).

67. Highway's breach of its obligation to make fringe benefit contributions under the CBAs is also a breach of Highway's statutory obligations under ERISA § 515 (29 U.S.C. § 1145).

68. Highway's prior and current conduct in failing to timely submit remittance reports make the required payments under the Agreement, in violation of its ERISA obligations, demonstrates a significant likelihood that Highway will violate ERISA in the future.

69. In the absence of injunctive relief, the Funds have no adequate remedy at law to ensure that Highway will adhere to the terms of the Agreement and abide by its statutory obligations now and in the future.

70. The Funds will suffer immediate and irreparable injury unless the Court issues an injunction that requires Highway, now and for as long as it remains bound by the Agreement, and its agents, representatives, directors, officers, stockholders, employees, successors and assigns to pay and/or submit to the Funds the required remittance reports and monetary contributions, and permit and cooperate in the conduct of audits for as long as it remains obligated to do so under ERISA.

71. Accordingly, Plaintiffs request that the Court issue an injunction pursuant to ERISA § 502(a)(3) (29 U.S.C. § 1132(a)(3)) permanently enjoining Highway, its agents, representatives, directors, officers, stockholders, employees, successors and assigns and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to pay and/or submit to the Funds the required contributions, and permit and cooperate in the conduct of audits for so long as Highway remains obligated to do so under ERISA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully demand judgment against Highway:

a) For an Order directing Highway to submit complete remittance reports for the Delinquency Period;

b) For payment of delinquent fringe benefit contributions owed for the Delinquency Period;

c) For payment of all required dues, checkoffs and NYSLPAC contributions owed for the Delinquency Period;

d) For interest on the delinquent fringe benefit contributions from the time such contributions were due until paid at the rate of ten percent (10%) per annum or the rate prescribed in Section 6621 of Title 26 of the United States Code, whichever is greater, for the Delinquency Period;

e) For liquidated damages on the delinquent fringe benefit contributions in an amount equal to the interest on the unpaid contributions, for the Delinquency Period.

f) For interest on the unpaid dues, checkoffs, and NYSLPAC contributions from the time they were due until paid at the rate set by CPLR § 5004 for the Delinquency Period;

g) For late interest in the amount of $30,384.72 for late paid contribution payments for April 1, 2024 through September 30, 2024;

h) For all ERISA damages pursuant to 29 U.S.C. § 1132(g);

i) For Plaintiffs' attorney's fees and costs;

j) for an Order permanently enjoining Highway, its agents, representatives, directors, officers, stockholders, successors and assigns and all persons in active concert or participation with it who receive actual notice of the Order, by personal service or otherwise, for so long as it remains obligated to contribute to the Funds, from failing, refusing or neglecting to pay and/or submit to the Funds the required remittance reports, monetary contributions, and dues, checkoffs and NYSLPAC contributions, and permit and cooperate in the conduct of audits for so long as Highway remains obligated to do so pursuant to the Agreement;

k) for an Order permanently enjoining Highway, its agents, representatives, directors, officers, stockholders, employees, successors and assigns and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise, from failing, refusing or neglecting to pay and/or submit to the Funds the required remittance reports, monetary contributions, and permit and cooperate in the conduct of audits for so long as Highway remains obligated to do so under ERISA;

l) for such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 24, 2025

GORLICK, KRAVITZ& LISTHAUS, P.C.
*Attorneys for Plaintiffs*

By: */s/ Richard Hermer-Fried*
Richard Hermer-Fried, Esq.
29 Broadway, 20th Floor
New York, New York 10006
rfried@gkllaw.com
Tel. (212) 269-2500
Fax. (212) 269-2540